IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARCUS J. MIGUES, #71301**                                                **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:05cv320-DMR-JMR**

**FRANKLIN D. BREWER**
**and JIM HOOD, Attorney General**                                          **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Respondents' Motion [17-1] to Dismiss Pursuant to § 2244(d). Having considered the Respondents' Motion [17-1], the Petitioner's Response in Opposition [18-1], and his Statement of Fact [21-1], along with the entire record and the applicable law, this Court finds that the Respondents' Motion [17-1] is well-taken and should be granted. Accordingly, Migues' petition in the above-captioned action should be dismissed.

### I. Statement of the Case

On March 3, 2000, the Petitioner, Marcus J. Migues ("Migues"), entered a plea of guilty to sexual battery in the Second Judicial District of the Circuit Court of Harrison County, Mississippi, and was sentenced to serve a term of twelve (12) years; said sentence to be served in the custody of the Mississippi Department of Corrections. (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "A"). Migues was originally sentenced to twelve years suspended, with three (3) years of post-release supervision. However, the trial court entered an order revoking probation and ordering Migues to serve the 12 years day for day on April 26, 2002. (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "C"). In the instant petition, Migues is not challenging his revocation, but is challenging his guilty plea.

Migues' judgment of conviction became final on April 2, 2000, thirty days after he was

sentenced on his guilty plea. By statute, there is no direct appeal from a guilty plea. (*See* Miss. Code Ann. § 99-35-101). Migues submitted his federal habeas petition sometime between June 17, 2005, the date he signed it, and June 20, 2005, the date it was stamped "filed." According to the mailbox rule, Migues' petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, at the earliest, Migues "filed" his petition on June 17, 2005.

## II. Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). As noted above, there is no direct appeal from a guilty plea. However, the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerns an alleged illegal sentence. (*See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001)). Therefore, Migues' judgment became final on April 2, 2000, thirty days after he was sentenced. The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year time limit has been interpreted to mean that it does not begin to run against a state prisoner prior to the statute's date of enactment, *i.e.* April 24, 1996. (*See Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999)). All convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. As Migues' conviction occurred after April 24, 1996, this time frame

does not apply to the case sub judice.

According to the mailbox rule, Migues' petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). At the earliest, Migues "filed" his federal petition when he signed it on June 17, 2005, some 1,537 days after the federal statute of limitations had expired on April 2, 2001. Based on the foregoing, Migues' federal petition for habeas corpus is barred by the one-year statute of limitations, unless Migues is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus. 28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending. Migues filed a "Motion for Post Conviction Relief to Vacate and Set Aside Conviction and Sentence" in the Harrison County Circuit Court, which was denied by the trial court's order filed October 20, 2004. (*See* Motion and Order, attached to the Respondents' Motion as Exhibits "D" and "E"). Thereafter, the trial court granted an out-of-time appeal on March 2, 2005. (*See* Order, attached to the Respondents' Motion as Exhibit "F"). Migues' appeal of the circuit court's denial of his post-conviction motion was dismissed by the Mississippi Supreme Court for failure to pay costs on May 24, 2005. (*See* Mandate, attached to the Respondents' Motion as Exhibit "G").

Migues' initial state pleading was not filed until August 17, 2004, some 1,233 days after the April 2, 2001, deadline for filing his federal habeas. Pursuant to § 2244(d)(2), Migues' state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as they were not filed within the one-year limitations period for filing the petition for writ of habeas corpus. Migues' petition is therefore barred by § 2244(d), unless Migues persuades this Court that his claim

should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). In his Response to the Respondents' Motion to Dismiss, Migues complains that he pled to the wrong charge, that he did not know the elements of the charge against him, and that he was not in a correct mental state. Migues offers nothing from the record to support these claims and does not claim to have been actively misled at the time of his plea. In his Statement of Fact, Migues claims that "entry of judgment was on April 26, 2002" and not on March 3, 2000, as the Respondents submit. (*See* Petitioner's Statement of Fact.) In fact, April 26, 2002, is the date the order was filed revoking Migues' probation and sentencing him to serve the twelve years day for day. (*See* Order, attached to Respondents' Motion as Exhibit "C"). Migues is not challenging the revocation of his probation in the instant petition, only his guilty plea. Therefore, none of these issues present any argument that would support equitable tolling.

Without the benefit of equitable tolling, Migues needed to file his federal habeas petition on or before April 2, 2001. At the earliest, Migues filed his federal habeas petition on June 17, 2005 – the date he signed the federal petition in the above-captioned case. Migues' petition is therefore barred by § 2244(d).

### III. Conclusion

Migues' state court conviction became final on April 2, 2000. Thereafter, Migues had one year, or until April 2, 2001, to file a federal petition for a writ of habeas corpus. At the earliest, Migues filed his federal habeas petition on June 17, 2005. This Court finds that Migues is not

entitled to equitable tolling.  Therefore, it is the recommendation of this Court that Migues' Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d) and that Migues' Motion to Compel [19-1] is hereby moot.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   15th   day of May, 2006.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE
